UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDRE MOTON,          ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.          ) | No. 1:23-cv-01740-TWP-TAB |
| ) | |
| KRISTINE PRYOR R.N.,          ) | |
| ) | |
| Defendant.   ) | |

**Order Dismissing Complaint and Opportunity to Show Cause**

Plaintiff Andre Moton is a prisoner currently incarcerated at Pendleton Correctional Facility. He filed this civil action alleging that Nurse Kristine Pryor failed to provide him his eyedrops as prescribed, resulting in migraines. Because Mr. Moton is incarcerated, this Court must screen the complaint before service on the defendant. 28 U.S.C. § 1915A(a), (c).

Mr. Moton has received permission to proceed *in forma pauperis* and was assessed a $6.00 initial partial filing fee. Dkt. 7. He has moved to waive the initial partial filing fee on the basis that he is having difficulties with checks being returned. Mr. Moton's motion, dkt. [10], is **granted** to the extent that the Court will issue a collection order to facilitate payment of the filing fee. The Court now proceeds to screen the complaint.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Moton names Nurse Kristine Pryor as the sole defendant and seeks monetary damages and for medical staff to be ordered to follow doctors' orders.

According to his complaint, in April 2021, Mr. Moton was prescribed a steroid eye drop to help strengthen his eyes. The doctor directed Mr. Moton to put one drop in each eye four times a day. Nurse Pryor told Mr. Moton that she was not going to call him to medical four times a day, and instead she would give him two drops in each eye twice a day. Because Nurse Pryor did not follow the doctor's orders, Mr. Moton's vision worsened and he suffered from migraines.

Mr. Moton signed his complaint on September 26, 2023, and it was filed on September 27, 2023. Dkt. 2 at 5. Mr. Moton states that his complaint "was delayed due to facility mixing up Plaintiff's legal work all together & Plaintiff having to sort it out and find certain documents." *Id.* at 3.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted. Although Mr. Moton's

complaint states an Eighth Amendment claim against Nurse Pryor, it must be dismissed because it was filed about five months after the expiration of the statute of limitations.

For claims brought under 42 U.S.C. § 1983, "federal courts apply the statute of limitations governing personal injury actions in the state where the injury took place." *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013). "In Indiana, such claims must be brought within two years." *Id.* (citing Ind. Code § 34-11-2-4). "The general rule is that a 1983 claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 591 (internal quotations omitted). "Although untimeliness is an affirmative defense, a complaint can be dismissed sua sponte if a valid affirmative defense is so plain from the face of the complaint that the suit is frivolous." *Baldwin v. Raemisch*, 788 F. App'x 390, 392 (7th Cir. 2019) (citing *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755 (7th Cir. 2016)).

Mr. Moton's claims accrued in April 2021, when he became aware that Nurse Pryor was refusing to provide him his eyedrops as prescribed and he was suffering medical complications as a result. The statute of limitations expired, then, sometime in April 2023.[1] Under the prison mailbox rule, a filing by an incarcerated litigant is deemed filed when it is handed over to prison staff for mailing, not on the date it is received by the clerk of the court. *See generally Houston v. Lack*, 487 U.S. 266, 275−76 (1988). Mr. Moton's complaint was signed on September 26, 2023, about five months after the expiration of the limitation period.

Mr. Moton acknowledges that there was a delay with filing his complaint due to staff misplacing his legal paperwork. But Mr. Moton did not need extraneous documents such as his medical or grievance records to file a complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, Mr. Moton's complaint needed only to contain "a short and plain statement of the claim

---

[1] Mr. Moton does not provide a specific date in April. Because the complaint was filed months rather than days after the expiration of the statute of limitations, what specific day his injury occurred is of no import.

showing that the pleader is entitled to relief. . . . ." Mr. Moton' lack of access to his legal work does not provide any legal basis for the Court to toll the statute of limitations.

Because Mr. Moton's claim is barred by the statute of limitations, the complaint is subject to dismissal.

### IV. Summary and Opportunity to Show Cause

Mr. Moton's motion to waive the initial partial filing fee, dkt. [10], is **granted**, and the Court will issue a collection order by separate order to collect the rest of the filing fee.

Mr. Moton's complaint must be dismissed because it was filed about five months after the statute of limitations expired. He has **through November 29, 2023,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis."). In his response, Mr. Moton should address any additional reason that he was not able to timely file his complaint.

**SO ORDERED.**

Date: 11/14/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ANDRE MOTON
231926
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only